Marco A.R. ARDILA, Appellant,

v.

Antonio SAAVEDRA, Jr., Appellee.

No. 13–90–211–CV.

Court of Appeals of Texas,
Corpus Christi.

April 18, 1991.

Jamie Balli, Roger W. Hughes, Harlingen, for appellant.

Gilberto E. Rosas, Brownsville, for appellee.

Before DORSEY, KENNEDY, and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Marco A. Rubio–Ardila, brought suit against appellee, Antonio Saavedra, Jr., for damages arising from an automobile accident. Summary judgment was granted to appellee because the statute of limitations barred the appellant's claim. By three points of error, appellant argues that summary judgment was improper because an issue of material fact exists whether limitations was tolled by appellee's absence from the State. Appellee did not file a brief. We reverse the trial court's judgment.

In support of his motion for summary judgment appellee relied upon admissions of appellant, his own affidavit, and his deposition testimony. Appellant admitted and it is undisputed that the automobile wreck giving rise to this action occurred on May 20, 1987, and he filed suit on June 27, 1987, two years and thirty-six days later. There is no reliance on or mention of the date of service of citation. The applicable statute of limitations is two years. In response to appellee's motion for summary judgment, appellant argued that appellee was absent from the state and limitations was thus tolled during the period of his absences under TEX.CIV.PRAC. & REM.CODE ANN. § 16.063 (Vernon 1986), which provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the time period of the persons absence.

Attached to the motion for summary judgment were the deposition of appellee, admissions of appellant, and an affidavit of appellee that states in relevant part:

> My only absences from Cameron County have been temporary visits into Matamoros to do errands, shopping, etc. I estimate that on the average I go no more than the (10) times per year, if that much, to Matamoros to shop or for entertainment and such visits are only going into Matamoros and coming directly back to Brownsville, they do not entail my staying in Matamoros overnight or for more than a couple of hours.

In his response to the motion for summary judgment, appellant cited and attached portions of the movant-appellee's deposition in which the following exchange occurred:

Q Would it be fair to say, Mr. Saavedra—this is the last question I will ask you—that over the last three years you have been to Mexico more than 10 times?

A More than 10 times?

Q Yes, each year.

A Each year?

Q Yes, over 365 days of the year.

A I wouldn't know for sure.

Q Is there a possibility that you—

A It's possible, yes. It's possible.

Q Is it possible—I know I have asked you this. Is it possible you went—over the last three years you have been to Mexico more than 15 times?

A 15?

Q Yes, over a period of 365 days.

A It's possible, yes.

Q Is it also possible that over the last three years you have gone across the border to eat or to shop or whatever more than 20 times over a one-year period?

A I seriously doubt it.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. *Barrow*, 641 S.W.2d at 625; TEX.R.CIV.P. 166a(c).

▮▮▮ The party seeking summary judgment has the burden of proof, and all doubts regarding the existence of a genuine issue of fact are to be resolved against the movant. All evidence favorable to the

non-movant is taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When summary judgment is sought on the grounds that limitations have expired it is the movant's burden to conclusively establish the limitations bar. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). When the non-movant raises a suspension statute in response, the movant must also conclusively negate the applicability of these issues. *Id.* The application of the summary judgment rules reverses the burdens that would apply at trial, where the party relying on the tolling or suspension of limitations would have the burden of proving it at the peril of having limitations bar his action. *See id.*

■ Here the non-movant, appellant, raised the suspension statute in his responsive pleading citing deposition excerpts where the movant-appellee testified that it was "possible" that he was in Matamoros, Mexico, more than fifteen times a year but that he seriously doubted going across more than twenty times per year. Reading the evidence in the light most favorable to the non-movant, one could construe the deposition testimony to entail between thirty and forty trips out of state over a two year period. In order to prevent summary judgment based on limitations, appellant would need to be out of state for 36 days, a period within the parameters of his evidence.

We find the Supreme Court's opinion in *Zale Corp. v. Rosenbaum* controlling. There, suit was filed on June 28, 1973, four days before the running of limitations. Service of citation, however, was not requested until August 3, 1973, after limitations had expired. *Rosenbaum,* 520 S.W.2d at 891. In responding to the defendant's motion for summary judgment, the plaintiff raised two issues: 1) that it had been diligent in procuring issuance of citation and 2) that the defendant's absence from the state tolled limitations under the statute. *Id.* The court of civil appeals held that the non-movant *failed to meet its burden* of raising a fact issue on either point because the evidence only established that the defendant's absences from the state were partial as opposed to "full" days. *Zale Corp. v. Rosenbaum,* 517 S.W.2d 440, 442–44 (Tex.Civ.App.—El Paso 1974), *reversed,* 520 S.W.2d 889. The Supreme Court reversed in a Per Curiam opinion holding that the court of civil appeals had misconstrued the burden in a summary judgment case. *Rosenbaum,* 520 S.W.2d at 891. "Where the non-movant interposes a suspension statute, such as Article 5537 [1], or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues." *Id.* at 891, (citing *Oram v. General Am. Oil Co.,* 513 S.W.2d 533 (Tex.1974)).

A summary judgment may be based on an interested party's testimony if the evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Rule 166a(c). Here, all of the evidence concerning the tolling of limitations is from the defendant-movant. In support of his motion for summary judgment the movant submitted his affidavit in which he *estimates* that on the average he goes to Matamoros no more than ten times per year, if that much. The burden was his to conclusively negate that he was out of state thirty-six days during the two year limitation period. This he failed to do as the affidavit is not sufficiently clear, positive and direct to conclusively establish the inapplicability of the tolling statute.

We find that appellee has failed to conclusively establish the affirmative defense of limitations as a matter of law. Appellee's affidavit regarding his absences from the State fails to negate the applicability of the suspension statute. We sustain appellant's points of error one, two, and three. The judgment of the trial court is REVERSED and REMANDED.

**1.** Now Tex.Civ.Prac. & Rem.Code Ann. § 16.063    (Vernon 1986).

KENNEDY, Justice, dissenting.

I respectfully dissent. I would affirm the summary judgment on the sole ground that, as a matter of law, section 16.063 does not apply to the uncontroverted facts of this case. Section 16.063, the suspension statute, provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

Tex.Civ.Prac. & Rem.Code Ann. § 16.063 (Vernon 1986).

Historically, the purpose of this suspension statute is to protect domestic creditors from the inconvenience and loss occasioned by the absence, and consequent immunity, of debtors from the State, rendering them unamenable to service of process. *Gibson v. Nadel*, 164 F.2d 970 (5th Cir.1947); *see also Harris v. Columbia Broadcasting Sys., Inc.*, 405 S.W.2d 613, 617 (Tex.Civ. App.—Austin 1966, writ ref'd n.r.e.). Suspension statutes are generally designed to allow plaintiffs the same time to commence their actions against absent defendants as they would have had if the defendants were not absent and were residing in the State. 54 C.J.S. *Limitations of Actions* § 100 (1987). Practically speaking, these statutes prevent defendants from leaving the State and remaining away until limitations has run, enabling them to return later and interpose limitations as a defense. *Id.* Unlike the majority, I would limit the statute's application to those cases in which this particular purpose is served.

The suspension statute applies to defendants who are "without the limits of this State," referring to the absence of defendants from the territorial limits of the State. *Vaughn v. Deitz*, 430 S.W.2d 487, 490 (Tex.1968). Consequently, to avoid the tolling of limitations, Saavedra had the burden to show his presence within the territorial limits of the State for the limitations period.

In the present case, the summary judgment evidence shows that Saavedra occasionally crossed the border and ventured into Mexico, never longer than a few hours.

The evidence also established that he was employed as a Brownsville Police Officer and maintained his permanent residence in Brownsville during the entire limitations period. It is also clear that Ardila had this information, yet wholly failed to file suit or attempt to serve Saavedra until after the statute of limitations had run.

Under the facts of the present case and in furtherance of the suspension statute's purpose, I would hold that the statute applies only when service has been attempted during the limitations period but is unsuccessful by virtue of the defendant's absence from the State. Thus, it is likely that temporary absences from the State will not, as well they should not, implicate the tolling statute.

If for no other reason, my interpretation of section 16.063 simply makes good sense. To hold otherwise is to subject resident defendants, venturing across the border for an occasional margarita, to interminable delays in the prosecution of suits against them, all the while memories fading and witnesses dying.