**Sharon RAY and Dorothy
Ray, Appellants,**

v.

**James M. O'NEAL, Appellee.**

No. 2–95–213–CV.

Court of Appeals of Texas,
Fort Worth.

May 9, 1996.

Rehearing Overruled June 13, 1996.

---

**8.** *Bank One,* 824 S.W.2d at 558.

Catterton and Reinhard, and Leland A. Reinhard, Fort Worth, for appellants.

Downs, Judin & Stanford, P.C., and Jay R. Downs, Dallas, for appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

### OPINION

CAYCE, Chief Justice.

Sharon and Dorothy Ray appeal from a take-nothing summary judgment on their claim for personal injuries sustained in an automobile accident with James M. O'Neal. In two points of error, the Rays argue that summary judgment was improper because fact issues exist concerning whether O'Neal was absent from Texas a sufficient length of time to toll the applicable statute of limitations, and whether the Rays exercised due diligence in attempting to obtain service of process on O'Neal. We sustain both points of error and reverse and remand the case for trial.

The automobile accident out of which this case arose allegedly occurred on November 16, 1992. The Rays filed suit on November 21, 1994, five days after the running of the applicable two-year statute of limitations.[1] However, they did not obtain service of process on O'Neal until April 4, 1995. O'Neal moved for summary judgment asserting that the Rays' suit was barred by the statute of limitations and the Rays' lack of due diligence in obtaining service of process after suit was filed.

In their response to O'Neal's motion for summary judgment, the Rays asserted that the statute of limitations was suspended because O'Neal was absent from the state for a minimum of five days during the two years following the accident. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.063 (Vernon 1986). In support of their response, the Rays relied

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon   1986 & Supp.1996).

upon excerpts of O'Neal's deposition and an affidavit in which O'Neal stated that he had been outside the state for four days on three separate trips and that each trip involved travel during four other days. According to his affidavit, O'Neal took two trips to Colorado during each of which he drove approximately six hours out of the state. O'Neal also averred that he was out of Texas during a trip to Arkansas and that he traveled for "a few hours late on Friday night." On his return trip the following Sunday, he said he left Arkansas "about 1:00 p.m." and spent "[t]he first few hours" driving outside of Texas.

The Rays also contended that they exercised due diligence in attempting to serve O'Neal with process. Documents attached to their response show that service was first attempted on O'Neal on December 2, 1994, but the citation was returned unexecuted because O'Neal no longer lived at the given address. Service was next attempted on December 28, 1994, but the officer was unable to locate O'Neal on that date as well. The Rays then hired an investigator to find O'Neal, and a new address was supplied to the district clerk's office on February 9, 1995. O'Neal was finally served at the new address on April 4, 1995.

■ In their first point of error, the Rays contend that summary judgment was improper because a fact issue exists concerning the amount of time O'Neal was out of the state during the two years after the alleged accident. It is undisputed that O'Neal spent four full days and four partial days out of the state during the two years in question. The Rays, in effect, argue that because O'Neal's deposition and affidavit do not show with a reasonable degree of specificity the actual amount of time O'Neal was absent from the state during the four partial days, a genuine issue of material fact exists on the question of whether the four partial days, when added together with the four full days, are sufficient to toll limitations.

O'Neal contends that a fair reading of the evidence conclusively establishes that he was out of state less than five days, and that, in any event, we should limit application of section 16.063 to those cases in which the plaintiff files suit within the limitations period, but is unable to achieve service within the limitations period because the defendant is absent from the state. Relying on a dissenting opinion in *Ardila v. Saavedra*, 808 S.W.2d 645 (Tex.App.—Corpus Christi 1991, no writ), O'Neal argues that section 16.063 was enacted to protect creditors from debtors who leave the state to avoid being served and not to protect plaintiffs who are dilatory in filing suit. *Id.* at 648 (Kennedy, J., dissenting).

■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovants. *Great Am.*, 391 S.W.2d at 47.

■ When summary judgment is sought on the ground that limitations has expired, it is the movant's burden to conclusively establish the limitations bar, including the negation of a tolling or suspension statute raised by the nonmovant. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Ardila*, 808 S.W.2d at 647.

■ Section 16.063 states:

The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.063. Texas courts have historically interpreted this section to mean that the time during a person's absence from the state, for whatever

purpose, will not be included in calculating the period of limitations. *E.g., Loomis v. Skillerns–Loomis Plaza, Inc.,* 593 S.W.2d 409, 410 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The time of a person's absence includes "each departure from the state and the whole time of [each] absence." *Phillips v. Holman,* 26 Tex. 276, 282 (1862); *see Fisher v. Phelps, Dodge & Co.,* 21 Tex. 551, 560 (1858). Although the applicability of section 16.063 does not depend on proof of the precise periods of the defendant's absence from the state, there must be evidence from which the fact finder might reasonably conclude that the defendant had not, in the aggregate, been in the state the full statutory period. *Wise v. Anderson,* 163 Tex. 608, 613, 359 S.W.2d 876, 880 (1962).

■ Because O'Neal moved for summary judgment in the instant case, it was his burden to conclusively negate the Rays' assertion that he was out of the state for five full days during the two years after the accident. We conclude that O'Neal failed to meet this burden. The above-referenced statements in O'Neal's deposition and summary judgment affidavit lack sufficient specificity to conclusively establish that the aggregate amount of time he was absent from the state was less than five days. Viewing the evidence in the light most favorable to the Rays, we hold that a genuine issue of material fact does exist on the question of whether O'Neal was out of the state five full days. We also decline to restrict section 16.063 to only those plaintiffs who filed suit within the limitations period, but were unable to achieve service because of the defendant's absence from the state. To do so would be contrary to prevailing case law, as well as the express language of the statute. Point of error one is sustained.

■ In their second point of error, the Rays contend a genuine issue of material fact also exists concerning whether they failed to exercise due diligence in attempting to serve O'Neal four months after suit was filed. They argue that they made consistent efforts to obtain service by maintaining continuous communications with the clerk's office and by hiring an investigator to locate O'Neal. O'Neal, however, contends that his telephone number and address were correctly listed in the telephone directory throughout the entire four months the Rays were attempting to locate him. He asserts that because the Rays failed to look for him in the telephone directory, they failed to exercise diligence as a matter of law.

■ Generally, the mere filing of suit will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990); *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ) (op. on reh'g); *Dura–Stilts Co. v. Zachry,* 697 S.W.2d 658, 659–60 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The degree of diligence necessary to toll the statute of limitations is that which would be employed by an ordinary, prudent person under the same circumstances. *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126, 127 (Tex.App.—Texarkana 1986, no writ); *Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

■ To obtain summary judgment on the grounds that service of process was not obtained within the applicable limitations period, the burden is on the movant to show, as a matter of law, that diligence was not exercised. *Zale Corp.,* 520 S.W.2d at 891. Summary judgment on the basis of a lack of due diligence may only be granted if no excuse is offered for the delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as to conclusively negate diligence. *De La Torre v. Our Lady of Guadalupe Ctr.,* 807 S.W.2d 889, 890 (Tex.App.—Corpus Christi 1991, no writ); *Martinez v. Becerra,* 797 S.W.2d 283, 285 (Tex.App.—Corpus Christi 1990, no writ).

We conclude that O'Neal did not meet his summary judgment burden of establishing lack of diligence as a matter of law. This is not a case where no excuse was offered for the delay in obtaining service. The record shows that the Rays did take action to obtain service, but that service was delayed because O'Neal had moved residences. Even absent

these circumstances, a four-month delay in service alone does not establish lack of diligence as a matter of law. Viewing the summary judgment evidence in the light most favorable to the Rays, we hold that a genuine issue of material fact exists concerning whether the Rays exercised due diligence in attempting service of process. Point of error two is sustained.

The case is reversed and remanded to the trial court.