**Jeanette GUARDIA, Appellant,**

v.

**John KONTOS, as Administrator of the Estate of Gregory L. Kontos, Deceased, Appellee.**

No. 04–97–00159–CV.

Court of Appeals of Texas, San Antonio.

Dec. 17, 1997.

Rehearing Overruled Feb. 18, 1998.

Roberto Guerra, Pascual Madrigal, Elias R. Lorenzana, Guerra, Madrigal & Lorenzana, L.L.P., San Antonio, for Appellant.

Frank R. Rivas, Alison A. White, Frank Rivas & Associates, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Jeanette Guardia ("Guardia"), appeals the trial court's summary judgment dismissing her case against appellee, John Kontos, as Administrator of the Estate of Gregory L. Kontos, Deceased ("Kontos"). In five points of error, Guardia contends the trial court erred because: (1) it failed to correctly interpret and apply limitations tolling provisions; (2) the evidence is legally and factually insufficient to support the affirmative defense of limitations; and (3) the issue of due diligence in serving Kontos was not relevant. Because we find that Kontos failed to meet his burden of proof as movant, we reverse the judgment and remand the cause to the trial court.

### FACTS

Guardia filed suit on July 28, 1995 against Gregory Kontos for damages relating to an automobile accident that occurred on September 22, 1993. In her petition, Guardia alleges that the accident occurred while the defendant, Gregory Kontos, was on active military duty assignment. She further alleges that she believes Gregory Kontos is deceased. Based on her information and belief, she states that no personal representative of the estate had been appointed in Texas; however, she alleges that Kontos, the decedent's brother and heir, had been appointed administrator of the estate in the decedent's home state of Idaho and could be served with process in his capacity as heir and administrator at 724 Valverde Drive, Rupert Idaho. Pursuant to Rule 152 of the Texas Rules of Civil Procedure, Guardia requested that process be served on Kontos by certified mail, return receipt requested.

On November 5, 1995, Guardia filed a Suggestion of Death with a certified copy of Gregory Kontos's death certificate attached. The death certificate reflects that Gregory Kontos died on October 31, 1994. The Suggestion of Death requests the court to order that the suit proceed against Kontos as administrator and to direct the clerk of the court to issue scire facias for Kontos, requiring him to appear and defend the lawsuit.

On November 15, 1996, Kontos filed a Motion for Summary Judgment based on limitations, alleging lack of due diligence in obtaining service. Attached to the motion is a copy of a cover letter from Guardia's attorney to the district clerk's office dated August 17, 1995, noting her inability to obtain a death certificate but requesting that citation be issued by certified mail, return receipt requested, on Kontos in his capacity as heir at law and administrator at 724 Valverde Drive, Rupert, Idaho 83350. The letter notes that limitations was running and would expire on or about September 22, 1995. Also attached to the summary judgment motion is a copy of the oath Kontos signed that was filed in probate court in Bexar County on December 6, 1994. The oath states that he is offering Gregory Kontos's will for probate and that he will "perform all the duties of Independent Executor" of the will and estate.

On December 10, 1996, Guardia filed a verified response to the motion for summary judgment. In the response, Guardia recites that she first requested citation and service on August 17, 1995; however, the district clerk refused to issue citation without a death certificate. Guardia then states that she filed another Suggestion of Death on November 1, 1995, with the death certificate attached, and again requested the issuance of a scire facias. Guardia acknowledges that the district clerk did not issue citation for process until September 26, 1996.

In addition to contending that the foregoing established due diligence, Guardia also asserted in her response that section 16.063 of the Texas Civil Practice and Remedies Code was applicable and suspended the running of the statute of limitations based on the defendant's absence from the state. Guardia states:

> At the time of the filing of Plaintiff's Original Petition, Defendant Gregory L. Kontos, Deceased, was absent from the state. Defendant Gregory L. Kontos died while temporarily residing out of state. Pursuant to Texas Civil Procedure 152, Plaintiff requested issuance of scire facias on Defendant's representative John Kontos, who at all relevant times has also been absent from the State of Texas, and continues to be absent to this date.

On December 17, 1996, Kontos filed an affidavit in reply to Guardia's response to his summary judgment motion. The affidavit states:

> Gregory L. Kontos was my brother and we spoke to each other by telephone approximately once every one to two weeks. In the 3 years prior to his death, Gregory L. Kontos resided in Texas. He did not reside out of the state of Texas at any time in the 3 years prior to his death. Further, no probate proceedings were held in Indiana. Since Gregory L. Kontos owned a home in Bexar County, Texas, and had done so for the one and one half years prior to his death, probate was held in Bexar County, Texas.

On December 19, 1996, the parties appeared before Richard Garcia, an associate judge. Garcia's report dated December 23, 1996 ordered that the motion for summary judgment be granted. His report was approved by Judge Janet Littlejohn on December 23, 1996. Judge David Berchelmann, Jr. signed an order granting the summary judgment on January 8, 1997. Guardia appeals that order.

### STANDARD OF REVIEW

In an appeal from a summary judgment, we must determine whether the movant has shown that no genuine issue of material facts exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Ray v. O'Neal*, 922 S.W.2d 314, 316 (Tex.App.—Fort Worth 1996, writ denied). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–59. Furthermore, any doubt is resolved in the nonmovant's favor. *Id.*

When summary judgment is sought based on the expiration of limitations, the movant must conclusively establish the limitations bar *and* must conclusively negate any tolling or suspension statute raised by the nonmovant. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Ray v. O'Neal*, 922 S.W.2d at 316. Furthermore, where the movant seeks summary judgment on the ground that an action was not served within the limitations period, the movant must show, as a matter of law, that diligence was not used in obtaining service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

### STATUTORY TOLLING

In her first three points of error, Guardia contends that the trial court incorrectly interpreted and applied the tolling provision under sections 16.062 and 16.063 of the Texas Civil Practice and Remedies Code ("Code"). In her fourth point of error, Guardia asserts that Kontos failed to show that no genuine issues of material fact existed with respect to the tolling provisions.

In this case, the undisputed facts show that the alleged cause of action accrued on September 22, 1993. Guardia filed her petition on July 28, 1995, within the two year limitations period. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.1998). Citation for process was not issued, however, until September 26, 1996, and Kontos contends he was not served until October 8, 1996.

In Kontos's motion for summary judgment, he conceded that section 16.062 of the Code tolled the running of the limitations period between October 31, 1994, the date of Gregory Kontos's death, and December 6, 1994, the date that Kontos qualified as independent executor of the estate in Texas.[2] Therefore, Kontos contended that limitations expired on

---

**2.** Section 16.062 entitled "Effect of Death" provides: (a) the death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death; (b) if an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification. TEX. CIV. PRAC. & REM.CODE ANN. § 16.062 (Vernon 1997).

October 31, 1995, thirty-five days later than it would have run if Gregory Kontos had lived. In her response, Guardia asserted that section 16.063 of the Code operated to suspend the limitations period based on the absence from the state of both Gregory Kontos, the decedent, and Kontos, the estate administrator and the appellee in this case.[3]

**1. Section 16.063—Absence from State**

■ In her first point of error, Guardia contends that the trial court incorrectly interpreted and applied section 16.063 of the Code. Guardia asserts that Kontos offered no proof to establish the date when Gregory L. Kontos, the decedent, removed himself from Texas, where the accident occurred, to Indiana, where he died. In view of the applicable summary judgment burden, Guardia concludes that we may reasonably infer that Gregory Kontos was absent from the state from September 23, 1993, the date of the accident, until October 31, 1994, the date of his death in Indiana.

Kontos initially counters that Guardia failed to present any admissible evidence to raise a fact issue regarding Gregory Kontos's absence from the state. However, we do not believe Guardia was required to present such evidence.

■ In every case, a nonmovant is required to *expressly present* any reasons seeking to avoid the movant's entitlement to summary judgment to preserve those grounds for appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). A nonmovant is only required to present summary judgment proof to establish a fact issue "when necessary." *Id.* Given the applicable summary judgment standard, we do not believe it was necessary for Guardia to present proof to establish a fact issue in this case. In *Zale Corp. v. Rosenbaum*, 520 S.W.2d at 891, the Texas Supreme Court held that the movant has the burden of negating the absence from the state defense whenever the nonmovant "interposes" such defense, and in *Ray v. O'Neal*, 922 S.W.2d at

317, the Fort Worth court stated that it was the defendant's summary judgment burden to conclusively negate the plaintiffs' "assertion" that he was out of state. Therefore, after Guardia asserted or interposed the absence from the state issue, Kontos had the burden to conclusively negate Guardia's assertion.

■ Furthermore, even if we assume that Guardia had the burden of establishing a fact issue as to Gregory Kontos's absence, the death certificate raises that issue. The death certificate reflects that Gregory Kontos died in Indiana during the limitations period. Therefore, the death certificate raises a fact question regarding the length of Gregory Kontos's absence.

■ Kontos further responds that his affidavit conclusively negated the application of section 16.063; however, Kontos's affidavit is not responsive to this fact issue. One can be a resident of the state of Texas and be temporarily absent. In fact, section 16.063 of the Code expressly recognizes that fact. Therefore, Kontos's statement that Gregory Kontos resided in Texas for the three years prior to his death does not address the real issue raised by Guardia—whether during those three years, there were periods that Gregory Kontos was temporarily absent from the state.

Kontos failed to meet his burden of conclusively negating the issue of whether limitations was tolled by the absence of Gregory Kontos from the state. From the evidence presented, we must infer that the limitations period was tolled for one hundred thirty-eight days, the period from the date of the accident to the date of Gregory Kontos's death.

■ Guardia also asserted that limitations was barred by the absence of Kontos, the executor and appellee, from the state. As a general rule, however, the section 16.063 tolling provisions are not applicable to nonresidents. *Wyatt v. Lowrance*, 900 S.W.2d 360, 362 (Tex.App.—Houston [14th

---

3. Section 16.063 entitled "Temporary Absence from State" provides that the absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence. TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1997).

Dist.] 1995, writ denied). The only exception to this rule is where the nonresident is present in Texas when the obligation arose. *Id.; see also Ball v. Parks,* 278 S.W.2d 189, 192–93 (Tex.Civ.App.—Fort Worth 1955, writ dism'd w.o.j.)(applying tolling provision against executrix who was present in the state when obligation arose). Guardia did not assert in her summary judgment response that Kontos, the executor and appellee, was present in the state when the accident occurred, and Kontos was not required to negate an issue that Guardia *could* have raised. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678–79. In fact, Guardia concedes in her response that the application for probate attached to her response shows that Kontos resides in Rupert, Idaho. Therefore, the limitations period was not tolled under section 16.063 based on Kontos's absence.

## 2. Section 16.062—Effect of Death

■ In her second point of error, Guardia asserts that the trial court failed to correctly interpret and apply section 16.062 of the Code because Kontos failed to prove that he qualified before twelve months had expired from the date of Gregory Kontos's death. Kontos contends that because Guardia did not expressly present this reason to avoid summary judgment in her response it cannot be considered on appeal citing *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678–79. However, Kontos had the burden of proving the limitations bar. *Jennings v. Burgess,* 917 S.W.2d at 793; *Zale Corp. v. Rosenbaum,* 520 S.W.2d at 891; *Ray v. O'Neal,* 922 S.W.2d at 316

■ In his summary judgment motion, Kontos admits that Gregory Kontos died on October 31, 1994, thereby suspending the limitations period pursuant to section 16.062. Kontos asserts that the limitations period was only tolled for a period of thirty-five days due to his early qualification. Having raised the suspension statute under section 16.062, Kontos had the burden to conclusively negate the applicability of the 12 month period by conclusively establishing early qualification. *See Jennings v. Burgess,* 917 S.W.2d at 793; *Zale Corp. v. Rosenbaum,*

520 S.W.2d at 891; *Ray v. O'Neal,* 922 S.W.2d at 316

In order to prove qualification, Kontos was required to prove that he filed his oath and made the proper bond. TEX. PROB.CODE ANN. § 189 (Vernon Supp.1998). Guardia concedes that Kontos presented proof that he filed his oath but asserts that there was no proof of a proper bond or proof that Kontos was not required to file a bond.

Under section 195 of the Texas Probate Code, no bond is generally required where the will directs that no bond be required. TEX. PROB.CODE ANN. § 195 (Vernon Supp. 1998). Where no bond is required by the will, the probate court may still, under certain circumstances, require that such a bond be posted. TEX. PROB.CODE ANN. § 149 (Vernon 1980); *see also Olguin v. Jungman,* 931 S.W.2d 607, 611 (Tex.App.—San Antonio 1996, no writ). Since Kontos did not present the will or any other evidence that he was exempt from the bond requirement, he failed to conclusively establish that limitations was only tolled for the thirty-five days asserted in his petition. Based on the evidence presented, we must infer that limitations was tolled under section 16.062 for twelve months following the date of Gregory Kontos's death.

## 3. Combined Effect of Sections 16.062 and 16.063

In her third point of error, Guardia asserts that the combined effect of the two tolling provisions resulted in a total period of suspension of two years and thirty-eight days, the sum of the twelve months from the date of Gregory Kontos's death under section 16.062 and the one year and thirty-eight days we must infer that Gregory Kontos was absent prior to his death under section 16.063. Kontos counters that Guardia did not expressly present this reason to avoid summary judgment in her response; therefore, it cannot be considered on appeal citing *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678–79. As we previously stated, the applicable summary judgment burden required Kontos to conclusively negate the applicability of the tolling provisions in sections 16.062 and 16.063. Since he failed to meet

this burden, we must consider the combined effect of the two tolling provisions.

Absent tolling, limitations would have run on September 23, 1995. Kontos concedes that he was served on October 8, 1996, which is within two years and thirty-eight days of the date limitations would have run.[4] Therefore, the trial court erred in granting the summary judgment because the suit was filed and Kontos was served within the limitations period as extended by the applicable tolling provisions which Kontos failed to conclusively negate.[5]

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

---

4. We further note that October 8, 1996, is within one year seventy-three days from the date limitations would have run, which is the sum of the one year and thirty-eight days we must infer Gregory Kontos was absent from the state and the thirty-five days from the date of his death to the date the oath was filed in probate court. Therefore, even if Kontos had qualified to represent the estate on December 6, 1994, Kontos's failure to negate the absence from the state defense would require reversal of the summary judgment.

5. In her fifth point of error, Guardia contends that the trial court erred to the extent its summary judgment was based on the issue of due diligence in service of process. In view of our holding on Guardia's other points of error, we do not address the due diligence issue.

