COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 LARRY
 TRANTER,
  
                             Appellant,
  
 v.
  
 ELLEN K.
 DUEMLING,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00044-CV
  
 Appeal from the
  
 327th District Court
  
 of El Paso County, Texas
  
 (TC#2001-3861)
 
 




 

O
P I N I O N

Larry Tranter sued Ellen K. Duemling for personal injuries arising from a car
accident.  Duemling
filed a motion for summary judgment, arguing that the suit was barred by the
applicable statute of limitations because Tranter failed to exercise due
diligence in serving her.  The trial
court granted the motion, and Tranter appeals. 
We reverse and remand.

Factual and
Procedural Background


The accident giving rise to this suit
occurred on October 15, 1999.  Tranter
filed his original petition on October 15, 2001.  An order authorizing service and a citation
issued on October 16, 2001.  Duemling was served with process on January 17, 2002.








In her summary judgment motion, Duemling asked the trial court to take judicial notice of
the 2001 phone book published by Southwestern Bell.  Attached to the  motion was an undated page from a
phone book, showing a listing for ADuemling E@ at 5940 Deer Avenue.  This is the only listing for a ADuemling@ on the page.








Tranter attached to his summary
judgment response an affidavit by his process server, Sergio Martinez.  Martinez stated that Tranter=s counsel gave him the address of A1000 Rushing # 168.@ 
On October 18, 2001, he discovered that 1000 Rushing #168 does not
exist.  He looked for a A10000 Rushing #168,@ but the apartments at that address
only went up to 41.  The next day, he
contacted Tranter=s counsel to request further information.  On October 25, he decided that A10000 Rushing
#16@ might be Duemling=s address.  He advised Tranter=s counsel of the possible new address
the next day.   Martinez then attempted
to serve Duemling at 10000 Rushing #16 on October 29,
November 6, November 14, November 20, and November 29.  Each time there was no answer.  On December 4, Martinez contacted the
management of the apartment complex and learned that Duemling
had moved without leaving a forwarding address. 
That same day, Martinez informed Tranter=s counsel of his finding.  From December 4 to December 27, Martinez
checked various resources, including the phone company, the city directory, a
city appraisal, a Fort Bliss liaison, driver=s license records, and the post
office.  He eventually determined that
5940 Deer might be Duemling=s new address.  On December 27, Martinez informed Tranter=s counsel of the possible new
address.  He then attempted to serve Duemling at 5940 Deer on January 5, January 9, and January
14, 2002.  Each time there was no
answer.  On January 9, he checked with
neighbors in the area, but they did not provide any information.  On January 16, Martinez discovered that Duemling might be a teacher at Andress
High School, so he contacted Tranter=s counsel to advise him of a possible
work address.  On January 17, he served Duemling at Andress High School.

Due
Diligence and Summary Judgment Procedure

A person must Abring suit@ for personal injuries within two
years after the cause of action accrues. 
See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon 2002).  To Abring suit@ the plaintiff must not only file the
petition within the two-year period, but must also use diligence in serving the
defendant with process.  Gant v. DeLeon, 786 S.W.2d 259,
260 (Tex. 1990) (per curiam); Eichel
v. Ullah, 831 S.W.2d 42, 43 (Tex. App.--El Paso
1992, no writ).  When the
plaintiff files his petition within the limitations period, but does not serve
the defendant until after the period has expired, the date of service relates
back to the date of filing only if the plaintiff exercised diligence in
effecting service.  Eichel,
831 SW.2d at 43.








The two controlling factors in
determining due diligence are:  (1)
whether the plaintiff acted as an ordinary prudent person would act under the
same circumstances; and (2) whether the plaintiff acted diligently until the
defendant was actually served.  Id. at 44. 
Generally, whether the plaintiff exercised diligence is a fact question
to be determined by a jury.  Id. at 43.  The
question may be determined as a matter of law only if no valid excuse exists
for the delay or if the lapse of time and the plaintiff=s actions, or inaction, conclusively
negate diligence.  Rodriguez
v. Tinsman & Houser, Inc., 13 S.W.3d 47, 49
(Tex. App.--San Antonio 1999, pet. denied); Eichel,
831 S.W.2d at 44.

We apply a de novo standard of
review to summary judgments.  Bowen v. El Paso Elec. Co., 49 S.W.3d 902, 904 (Tex.
App.--El Paso 2001, pet. denied). 
Summary judgment is proper only when the movant
shows that there is no genuine issue of material fact and that she is entitled
to judgment as a matter of law.  Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Bowen,
49 S.W.3d at 904; see also Tex. R. Civ. P. 166a(c).  In
reviewing a trial court=s decision to grant summary judgment, we resolve all doubts
against the movant and view the evidence in the light
most favorable to the nonmovant.  Shah, 67 S.W.3d at
842; Bowen, 49 S.W.3d at 904.

When the defendant bases a summary
judgment motion on the statute of limitations, she must conclusively prove the
elements of that affirmative defense.  Shah,
67 S.W.3d at 842. 
Several supreme court opinions have created some confusion about how
this standard applies when summary judgment is sought on the ground that the
plaintiff failed to exercise due diligence in serving the defendant.








In 1975, the court stated that the
party moving for summary judgment has the burden of conclusively establishing
the bar of limitations and further held that when the nonmovant
Apleads diligence in requesting
issuance of citation, the limitation defense is not conclusively established
until the movant meets his burden of negating the
applicability of [this] issue[].@ 
Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975).  In 1990, however, the court held in a summary
judgment case, AWhen a defendant . . . has affirmatively
pleaded the defense of limitations, and when failure to timely serve the
defendant has been shown, the burden shifts to the plaintiff . . . to explain
the delay.@ 
Murray v. San Jacinto Agency, Inc., 800 S.W.2d
826, 830 (Tex. 1990).  Also in
1990, the court, citing Zale, held, ATo obtain summary judgment on the
grounds that an action was not served within the applicable limitations period,
the movant must show that, as a matter of law,
diligence was not used to effectuate service.@ 
Gant, 786 S.W.2d at 260.








These seemingly inconsistent
statements can be reconciled by applying the following procedure.  When the defendant moves for summary judgment
and shows that service occurred after the limitations period expired, the
burden shifts to the plaintiff to offer an explanation for the delay.  See Carter v. MacFadyen,
93 S.W.3d 307, 313 (Tex. App.--Houston [14th Dist.] 2002, pet. denied); see
also Brown v. Shores, 77 S.W.3d 884, 889-90 (Tex. App.--Houston [14th
Dist.] 2002, no pet.) (Brister, C.J., concurring) (noting that Zale,
Murray, and Gant are arguably contradictory and suggesting what the
proper procedure should be).  This means
only that the plaintiff must point to evidence that raises a fact issue on
diligence.  Brown, 77 S.W.3d at
889-90 (Brister, C.J., concurring).  If the plaintiff satisfies this burden, the
burden shifts back to the defendant to show why the explanation is insufficient
as a matter of law.  Carter, 93
S.W.3d at 313; Brown, 77 S.W.3d at 889 (Brister,
C.J., concurring).[1]

Tranter=s Evidence
Raising a Fact Issue

The parties agree that Tranter=s cause of action accrued on October
15, 1999 and that he filed his original petition on the last day before the
limitations period expired.  It is also
undisputed that Duemling was not served with process
until more than three months after the limitations period expired.  Therefore, Tranter had the burden of raising
a fact issue regarding his diligence in serving Duemling.

We conclude that Tranter satisfied
this burden.  An order authorizing
service and a citation issued on October 16, 2001, the day after Tranter filed
his original petition.  This demonstrates
that Tranter exercised diligence initially. 
See Perry v. Kroger Stores Store No. 119, 741
S.W.2d 533, 535 (Tex. App.--Dallas 1987, no writ).








Tranter also raised a fact issue as
to whether he continued to act diligently until Duemling
was served.  Martinez=s affidavit indicates that Tranter=s counsel initially provided him with
a nonexistent address.[2]  Within ten days after Martinez received the
citation, however, he had found another possible address for Duemling.  Then, from
October 29 to November 29, he unsuccessfully attempted to serve Duemling at that address five times at various times of
day.  On December 4, he learned from the
management of the apartment complex that Duemling had
moved without leaving a forwarding address. 
Because it thus appears that Duemling lived at
that address at one time, one could infer that Martinez had a reasonable basis
for attempting to serve her there.

Upon learning that Duemling had moved, Martinez spent slightly more than three
weeks trying to determine another address for Duemling.  His affidavit details the resources he used
during this period.  We also note that
this period included the Christmas and Chanukah holidays.  See Harrell v. Alvarez, 46 S.W.3d 483, 486 (Tex. App.--El Paso 2001, no pet.)
(considering that the time between filing and service included Thanksgiving); see
also Cooper v. Balderas, No. 08-00-00076-CV, 2001 WL 925772, at *5 (Tex.
App.--El Paso Aug. 16, 2001, pet. denied) (not designated for publication)
(considering the fact that Thanksgiving, Christmas, Chanukah, and New Year=s Day occurred during a period in
which the plaintiff offered no explanation for lack of efforts to serve the
defendant).








Martinez notified counsel of a
possible new address on December 27, and attempted to serve her there on
January 5, 2002, shortly after the New Year=s holiday.   During a ten-day period, Martinez attempted
service at the new address three times at various times of day.  He even talked to neighbors in the area, but
was unable to glean any information.  On
January 16, Martinez determined that Duemling might
be a teacher at a particular high school. 
He notified counsel of the school=s address and accomplished service
the next day.

Martinez=s affidavit shows constant efforts to
serve Duemling from October 16 to January 17.  There are no unexplained periods of
inactivity.  The affidavit also raises a
fact question as to whether the efforts were reasonable.[3]  The burden thus shifted to Duemling to establish that Tranter=s efforts were insufficient as a
matter of law.

Duemling=s Attempt to
Establish Lack of Diligence

Duemling argues that Tranter=s efforts were nothing more than an Aunexplained wild goose chase@ because he Afailed to let his fingers do the
walking.@ 
This argument is premised on Duemling=s contention that it is undisputed
that the phone book contained only one listing for a ADuemling@ when this suit was filed.  She asserts that even though her address was
in the phone book, Martinez wasted over two months attempting to serve her at
an incorrect address provided by Tranter=s counsel and at a similar
address.  Duemling
also points out that process was finally served shortly after Martinez found
the address listed in the phone book.  We
find Duemling=s arguments unconvincing for a number
of reasons.








We cannot agree that it is undisputed
that Duemling=s correct address was listed in the
phone book when this suit was filed. 
First, there is nothing in the record to establish that the ADuemling E@ who was listed in the phone book is
the same person as the AEllen K. Duemling@ who is the defendant in this case.

Next, although Duemling=s summary judgment motion requested
the trial court to take judicial notice of the A2001 phone book published by
Southwestern Bell,@ she only attached to her motion a single, undated page of a
phone book containing a listing and address for ADuemling E.@ 
Tranter did not object to the taking of judicial notice.  Assuming the trial court implicitly granted Duemling=s request, of what fact did the court take judicial notice?








AA judicially noticed fact must be one
not subject to reasonable dispute in that it is either (1) generally known
within the territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned.@  Tex. R. Evid.
201(b).  A court
must take judicial notice if a party requests the court to do so and supplies
the court with Athe necessary information.@ 
Tex. R. Evid.
201(d).  The
facts described by Rule 201(b)(1) are known as Anotorious facts,@ and the facts described by Rule
201(b)(2) are known as Averifiably certain facts.@ 
See Cathy Cochran, Texas Rules of Evidence Handbook 138-41
(5th ed. 2003).  No extrinsic information
is required for judicial notice of notorious facts because, by their nature,
they are well known.  See id. at 149.  But the party
requesting judicial notice of a verifiably certain fact must generally provide
the court with written material demonstrating the indisputability of the
fact.  Id. at
150.

The address of Ellen Duemling is certainly not a fact that is generally known
within this jurisdiction.  Therefore, Duemling was required to provide the necessary written
information to show that her address was capable of accurate and ready
determination while Tranter was attempting to locate her.  But the single page from the phone book
provided by Duemling shows, at most, what her listed
address was at some undefined point in time. 
It does not show how her address was listed when this suit was
filed.  There is nothing in the record to
show that the trial court went beyond the written information provided by Duemling to determine what her address was when this suit
was filed.  See Tex. R. Evid.
201(c), (e) (allowing the court discretion to take judicial notice sua sponte, but
granting the parties an opportunity to be heard Aas to the propriety of taking
judicial notice and the tenor of the matter noticed@).[4]








Moreover, although an address in a
phone-book listing may be some evidence of a person=s address, it does not conclusively
establish that the person lives at that address. See Ray v. O=Neal, 922 S.W.2d 314, 317-18 (Tex.
App.--Fort Worth 1996, writ denied).[5]  Duemling suggests
that the address listed in the phone book must have been correct because
Martinez served her shortly after he found that address.  But Martinez was never able to accomplish
service at the address listed in the phone book; he eventually found her at her
work address.  There is nothing in the
record to show a connection between Martinez=s location of the address listed in
the phone book and his location of the work address.  Thus, even if we assume that the listing
attached to Duemling=s motion was in effect throughout the
time Martinez was attempting to locate her, it still falls short of meeting Duemling=s burden to establish as a matter of law that Tranter failed
to exercise diligence.  But cf. Austin
v. Proctor, 291 S.W. 702, 702-04 (Tex. Civ.
App.--El Paso 1927, no writ) (holding that the plaintiff did not exercise due
diligence when it was undisputed that the defendant was living in El Paso and
that his business and residence phone were listed in the city directory, and
when the plaintiff=s attorney did nothing to locate him through several terms of
court).








Conclusion

For the reasons stated herein, we
sustain Tranter=s sole issue on appeal, reverse the summary judgment, and
remand the cause for further proceedings.

 

SUSAN
LARSEN, Justice

February 26, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.











[1]In
his concurring opinion in Brown, Chief Justice Brister
explains that it is fair to place the 
initial burden of raising a fact issue on the plaintiff because the
plaintiff is usually the party with most of the evidence relating to due
diligence.  77 S.W.3d
at 889-90.





[2]At
the summary judgment hearing, Tranter=s
counsel stated that the initial address provided to Martinez was incorrect
because Duemling gave the wrong address to the
accident investigator.  However, there is
no summary judgment evidence to support counsel=s
statement.





[3]At
the summary judgment hearing, Duemling=s counsel mentioned that some of the
information in Martinez=s
affidavit is hearsay.  But Duemling did not make any written objections to the
affidavit and she does not argue in her appellate brief that the affidavit
contains hearsay.  Therefore, it is
irrelevant whether the affidavit contains hearsay.  See Tex.
R. Evid. 802; El Paso
Assocs., Ltd. v. J.R. Thurman & Co., 786 S.W.2d 17, 19 (Tex. App.--El
Paso 1990, no writ).





[4]At
the summary judgment hearing, Duemling=s counsel stated that the phone book is
issued annually in May.  But counsel did
not ask the court to take judicial notice of this Afact,@ and the record does not contain any
written material to establish it.





[5]
In Ray, the citation was returned unexecuted because the defendant no
longer lived at the given address.  922 S.W.2d at 316. 
The plaintiffs hired an investigator, who discovered the defendant=s new address approximately two months
later.  Id.  The defendant moved for summary judgment,
arguing that his address was correctly listed in the phone book throughout the
entire time that the plaintiffs were attempting to locate him.  He asserted that because the plaintiffs
failed to consult the phone book, they failed to exercise diligence as a matter
of law.  Id. at
317.  The court rejected this
argument.  Id.
at 317-18.