*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00729-CV

Raquell **WILLIAMS** and Eugene Williams,
Appellants

v.

Paul **WILLETTE**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-14871
Honorable Lori D. Massey, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   July 15, 2009

AFFIRMED

This is an appeal from the trial court's summary judgment rendered in favor of the appellee,

Paul Willette.  On appeal, appellants, Raquell and Eugene Williams, assert the trial court erred in

rendering summary judgment because their response to the motion for summary judgment raised

genuine issues of material fact as to whether they used due diligence to effect service on Willette.

We affirm.

**BACKGROUND**

On September 25, 2004, the Williamses and Willette were involved in an automobile accident in Bexar County, Texas. On September 25, 2006, the last day of the applicable two-year statute of limitations, the Williamses filed a negligence suit against Willette. The citation was originally issued on September 26, 2006. The record does not indicate whether the Williamses ever attempted service on this citation order; however, citation was reissued on March 1, 2007 and Willette was served with process on March 21, 2007.

In April 2008, Willette filed his motion for summary judgment on the grounds that the summary judgment evidence conclusively established that the Williamses failed to exercise due diligence in serving him with the citation. The Williamses responded to the motion for summary judgment alleging the evidence established Willette was served within the two-year statute of limitations because the limitations period was tolled by Willette's absence from the state. The trial court rendered summary judgment in favor of Willette, disposing of all issues between the parties, and this appeal ensued.

On appeal, the Williamses argue that Willette's absences from the state tolled the applicable statute of limitations and raised a question of fact as to whether he was served within the limitations period. We construe the Williamses' argument on appeal as asserting that a fact issue exists regarding whether, because of his absences from the state, Willette was diligently served within the two-year statute of limitations.

**DISCUSSION**

A plaintiff must bring suit for personal injuries within two years from the date the cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2008). "To 'bring suit' within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). However, "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (Vernon 2008). Section 16.063 has been interpreted to mean that "the time during a person's absence from the state, for whatever purpose, will not be included in calculating the period of limitations." *Ray v. O'Neal*, 922 S.W.2d 314, 316-17 (Tex. App.—Fort Worth 1996, writ denied). "The time of a person's absence includes 'each departure from the state and the whole time of [each] absence.'" *Id.* at 317 (quoting *Phillips v. Holman*, 26 Tex. 276, 282 (1862)).

Here, the Williamses filed suit against Willette on September 25, 2006, exactly two years after the cause of action accrued, and served Willette with process 177 days later on March 21, 2007. For Willette to have been served within the two-year statute of limitations, the statute must have been tolled for 177 days. As the movant for summary judgment, Willette bore the burden to conclusively negate the Williamses' assertion that the statute of limitations was tolled for 177 days. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) ("Where the non-movant interposes a suspension statute, such as [section 16.063], or pleads diligence in requesting issuance of citation,

the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues."). We conclude Willette met this burden.

The summary judgment evidence presented to the trial court as to the number of days Willette was out of state between September 25, 2004 and September 25, 2006 consisted of Willette's deposition testimony and sworn affidavit. There are inconsistencies in Willette's deposition testimony and his affidavit; however, viewing the evidence in the light most favorable to the Williamses (the non-movants), the evidence establishes that Willette was out of state between September 25, 2004 and September 25, 2006 for thirteen days. In his deposition, Willette testified he was out of the state in June of 2006 for eight days on a Disney Cruise vacation and for approximately five days in July of 2006 for a wedding in Las Vegas, Nevada. Willette also mentioned a six-day vacation to Mexico and an out-of-state work-related convention, but the trip to Mexico occurred after Willette was served and the convention was before the accident, therefore, neither trip tolled the two-year statute of limitations.[1] At most, the evidence establishes that Willette was absent from the state for thirteen days between September 25, 2004 and September 25, 2006. The Williamses did not serve Willette for 177 days after the original two-year statute of limitations expired, therefore, even if the statute was tolled for the thirteen days Willette was absent from the state, he conclusively established that the statute of limitations was not tolled for the full 177 days.

---

[1] The Williamses also claim that Willette's interest in a timeshare property and his position as a general partner in a business enterprise could have caused him to be out of state between September 25, 2004 and September 25, 2006. However, these mere allegations of the times Willette could have been out of state were contradicted by Willette's sworn affidavit that specifically stated when he was out of the state. When appellants fail to file counteraffidavits, contradict the appellee's sworn statements, or show that they were in a position to not do so, the trial court may justifiably accept those statements contained in the affidavit as true and enter summary judgment accordingly. *See Rountree v. Bridwell*, 269 S.W.2d 824, 826 (Tex. App.—San Antonio 1954, writ ref'd n.r.e.).

However, because the suit was timely filed, if the Williamses exercised due diligence in serving Willette after limitations had expired, the date of service will relate back to the date the suit was filed. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). "[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff 'to explain the delay.'" *Id.* at 216 (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). "[I]t is the plaintiff's burden to present evidence regarding the efforts made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* If the plaintiff's explanation is "*legally* improper to raise the diligence issue" or if the explanation "demonstrate[s] a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable" the defendant bears no further burden and summary judgment should be granted. *Id.* However, "if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

Accordingly, because Willette affirmatively pled the limitations defense and established that service was effectuated after limitations expired, it was the Williamses' burden to explain the delay. Except for their argument that the limitations period was tolled, the record is otherwise silent as to the reasons for the delay in service. Because the Williamses offered no explanation for delaying service for 177 days, the delay constituted lack of diligence as a matter of law and the trial court did not err in granting Willette's motion for summary judgment.

**CONCLUSION**

We overrule the Williamses' issue on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice