EDITH BROWN CLEMENT, Circuit Judge,
concurring in part and concurring in the judgment:
I concur with the majority as to Parts I and III-V and in the judgment. I write separately because I disagree with the majority’s reasoning in Part II and would affirm the district court on different grounds.
As the majority explains, Tex. Civ. Prac. & Rem.Code § 16.063 does not generally apply to non-residents. This general rule is subject to two exceptions. See supra pp. 385-86. The majority states that “Investors does not argue on appeal ... that the district court erred in failing to hold Big Rock to its burden to conclusively negate the applicability of either of those exceptions.” Id. I respectfully disagree.
Under Texas law, once Investors asserted that section 16.063 applied, the burden shifted to Big Rock to conclusively negate the provision’s application. See supra note *391 1 and accompanying text.[1] In their appellate brief, Investors argues that Big Rock “had the burden to conclusively negate Appellants’ reliance on Section 16.063,” and that they “failed to carry this burden.” [Appellant’s Br. 12] Reading Investors’ brief in light of Texas law, it asserts precisely the argument that the majority states is missing.
Nevertheless, I would dismiss Investors’ appeal as to section 16.063 because Investors failed to present the questions argued on appeal to the district court. Investors makes two arguments as to section 16.063. They argue that Big Rock failed to carry its burden to conclusively negate the application of section 16.063, and that the district court erred when it held that section 16.063 does not apply to non-residents. [Appellant’s Br. 12]
Big Rock argues that Investors waived these arguments because they failed to present them to the district court. I agree. Investors never presented the burden of proof issue to the district court. While Investors mentioned the issue in passing in their summary judgment briefs and objections to the magistrate judge’s report and recommendation, their arguments focused on Big Rock’s burden to negate the application of the discovery rule. Accordingly, the district court addressed the burden of proof issue only as to the discovery rule. [R. at 2396-97.] Investors also failed to present the nonresident issue to the district court. The magistrate judge held that section 16.063 does not generally apply to non-residents like Big Rock. [R. at 2345 (noting same and citing Medina v. Tate, 438 S.W.3d 583, 588-89 (Tex.App.—Hous. [1st Dist.] 2013, no pet.)) ] Investors never challenged this holding, and the district court affirmed without specific comment.
“It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court.” Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir.2005). “If a party wishes to preserve an argument for appeal, the party ‘must press and not merely intimate the argument during the proceedings before the district court.’ ” Id. (quoting N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 n. 4 (5th Cir.1996)). “An argument must be raised ‘to such a degree that the district court has an opportunity to rule on it.’ ” Id. (quoting N. Y. Life, 84 F.3d at 141 n. 4).
I would hold that Investors failed to present the questions on appeal to the district court. Accordingly, I would affirm the district court’s judgment as to section 16.063.

. At least one Texas case holds that, when a party asserts that a tolling statute applies, but fails to allege that one of the non-resident exceptions applies, the other party is not required to conclusively negate the application of the tolling provision. See Guardia v. Kontos, 961 S.W.2d 580, 585 (Tex.App.—San Antonio 1997, no pet.) (‘‘Guardia did not assert in her summary judgment response that Kon-tos, the executor and appellee, was present in the state when the accident occurred, and Kontos was not required to negate an issue that Guardia could have raised.”). But Big Rock never referred us to Guardia or argued that it did not bear the burden to conclusively negate the application of section 16.063.