**Gary Douglas GANT, Petitioner,**

v.

**Ambrosia A. DeLEON and Max M. Castillo, Respondents.**

**No. C–8976.**

Supreme Court of Texas.

Feb. 28, 1990.

Rehearing Denied April 25, 1990.

J. Mark Craun, Stephan B. Rogers, San Antonio, for petitioner.

John D. Wennermark, San Antonio, for respondents.

PER CURIAM.

The issue presented is whether the unexplained failure to serve process on a defendant for periods totaling more than three years establishes lack of diligence as a matter of law. The trial court held that it did; the court of appeals held that it did not. We agree with the trial court.

Plaintiffs Ambrosia A. DeLeon and Max M. Castillo sued Gary Douglas Gant for personal injuries and property damage incurred in an automobile accident which occurred on August 29, 1979. Plaintiffs filed suit within two years, on April 8, 1981, but Gant was not served until July 7, 1987, more than six years after suit was filed and almost eight years after the accident. The trial court granted summary judgment for Gant on the grounds that DeLeon and Castillo's claims were barred by the applicable two-year statute of limitations, Texas Civil Practice & Remedies Code Annotated section 16.003 (Vernon 1986). The court of appeals reversed, holding that the summary judgment proof raised a fact issue con-

cerning DeLeon and Castillo's diligence in effecting service. The court of appeals remanded the case for trial. 773 S.W.2d 396 (1989).

To "bring suit" within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975) (per curiam).

To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Zale*, 520 S.W.2d at 891. In this case, the uncontroverted summary judgment proof establishes that plaintiffs failed to use diligence to obtain service on defendant during three extended periods in the six years it took plaintiffs to serve defendant. Specifically, the affidavits of plaintiffs' own counsel filed in opposition to defendant's motion for summary judgment, summarized by the court of appeals, show that plaintiffs did nothing to obtain service on defendant in the more than six months from June 12 to December 31, 1981, in the more than twenty months from March 16, 1983, to November 9, 1984, and in the more than twelve months from May 28, 1986, to June 3, 1987. 773 S.W.2d at 397–398. Texas courts have consistently held that due diligence was lacking as a matter of law based on unexplained lapses of shorter duration. *See, e.g., Rigo*, 458 S.W.2d 180 (17½ months between filing and service); *Liles v. Phillips*, 677 S.W.2d 802 (Tex.Civ. App.—Fort Worth 1984, writ ref'd n.r.e.) (10 months between expiration of statute of limitations and service); *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex. Civ.App.—San Antonio 1976, writ ref'd

n.r.e.) (6 months between filing and service); *Williams v. Houston–Citizens Bank & Trust Co.*, 531 S.W.2d 434 (Tex.Civ.App. —Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7⅔ months between expiration of first citation and issuance of second citation); *Buie v. Couch*, 126 S.W.2d 565 (Tex. Civ.App.—Waco 1939, writ ref'd) (3¾ months between filing and issuance of citation and one month between issuance and service). Plaintiffs' unexplained delay of three periods totaling 38 months in obtaining service on defendant establishes failure to use diligence as a matter of law.

Because the court of appeals' decision conflicts directly with *Rigo*, a majority of the Court grants Gant's application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court.