Affirmed and Memorandum Opinion filed December 13, 2005









Affirmed and Memorandum
Opinion filed December 13, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00465-CV

_______________

 

EDWARD C. STEWART, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

                                                                                                                                                

On Appeal from 333rd District Court 

Harris County, Texas

Trial Court Cause No. 01-35372

                     
                                                                                                                          

 

M E M O R A N D U M  
O P I N I O N

 

In this personal injury case, Edward
Stewart appeals a summary judgment in favor of the Texas Department of Criminal
Justice (ATDCJ@) on the grounds that there were
material fact issues regarding: (1) the applicable statute of limitations; (2)
Stewart=s negligence per se allegations; and (3) Stewart=s allegations of gross
negligence.  We affirm.








Stewart, an inmate of TDCJ, was
injured in a vehicle collision while being transported on March 7, 2000.  Stewart filed suit against TDCJ on July 13,
2001.  However, TDCJ was not served with
notice until September 6, 2002, because citation was repeatedly sent to an incorrect
address.  As relevant to this appeal,
TDCJ filed a traditional motion for summary judgment based on the statute of
limitations, which the trial court granted.

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law on the issues expressly set out in the motion or response.  Tex. R. Civ. P. 166a(c).  A
defendant moving for summary judgment on the affirmative defense of limitations
must conclusively prove the elements of that defense.  Shah v. Moss, 67
S.W.3d 836, 842 (Tex. 2001).  In
reviewing a summary judgment, we take all evidence favorable to the nonmovant as true and resolve every doubt, and indulge
every reasonable inference, in the nonmovant=s favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).








It is undisputed that Stewart filed
suit within the limitations period, but that service of citation occurred after
the limitations period expired.[1]  TDCJ=s motion for summary judgment
asserted that Stewart=s claims were barred by limitations because he failed as a
matter of law to exercise diligence in effecting service of citation on
TDCJ.  See Gant v. DeLeon,
786 S.W.2d 259, 260 (Tex. 1990).  Stewart challenges this summary judgment on
the ground that he provided notice to TDCJ within the six months required by
the Tort Claims Act; thus, the two-year statute of limitations does not apply
to his claim.  However, this contention
is legally incorrect.  A plaintiff must bring
suit for personal injury not later than two-years after the day the cause
of action accrues, even if the independent requirement to provide notice has
been complied with.  See Tex. Civ. Prac. & Rem.
Code Ann. '
16.003 (Vernon Supp. 2005), ' 101.101 (Vernon 2005) (emphasis added).  Because Stewart=s brief does not challenge that he
failed to exercise diligence in effecting service, it affords no basis for
relief on this ground.  As this issue
dispenses with Stewart=s appeal, we need not address his other issues, challenging
alternative grounds for the summary judgment. 
Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed December 13, 2005.

Panel consists of Justices Edelman,
Seymore, and Guzman.

 

 











[1]           In their
motions for summary judgment, both parties acknowledge that Stewart=s cause of action accrued on March 7, 2000, the date
of his injury.  Stewart=s original petition was filed, and citation requested,
on July 13, 2001.  During the period
between filing of suit and service of citation, Stewart attempted to serve TDCJ
on four separate occasions to an improper service address.  Finally, on September 6, 2002, almost fourteen  months after
suit was filed and six months after the expiration of the limitations period,
citation was issued and service was effected successfully to TDCJ at its proper
mailing address, an address that Stewart had been using to correspond with TDCJ
prior to filing this lawsuit.