# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00486-CV

### Christopher N. Rad, Appellant

### v.

### Sam's Boat, Inc., Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-08-001111, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher Rad appeals from a summary judgment in favor of Sam's Boat, Inc. ("Sam's"). Sam's is a bar and restaurant where Rad was involved in an altercation. Rad subsequently sued Sam's for defamation and malicious prosecution, claiming that a Sam's employee made false statements about the altercation to police. Sam's moved for summary judgment on the bases that Rad (1) filed suit after the applicable limitations period expired and (2) failed to timely serve process on Sam's. The trial court granted Sam's motion. On appeal, Rad argues that the limitations period did not expire and his untimely service should be excused. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2004, Rad was involved in an altercation at Sam's. Rad alleges that a Sam's employee made false statements about the altercation to the police, resulting in Rad being arrested on October 13, 2004. The police dropped the charges against Rad on July 7, 2005.

Rad filed suit against Sam's on January 13, 2006, alleging defamation and malicious prosecution. He first requested issuance of citation on October 17, 2006. A constable unsuccessfully attempted to serve the citation on Sam's five times between October 23 and 27, 2006.[1] After the final attempt, Rad made no further efforts to serve process until November 20, 2007, when he filed a motion for substituted service. The court granted the motion on November 29, 2007 and issued a new citation on December 5, 2007. Rad served that citation on December 11, 2007 on the same registered agent at the same address as had been listed on the original citation.[2]

Sam's filed an answer on January 7, 2008 and a motion for summary judgment on February 11, 2008. The motion argued that Rad's claims were time-barred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (West 2002) (actions for malicious prosecution and defamation have one-year statute of limitations). Specifically, it argued that Rad's defamation cause of action accrued by October 13, 2004 at the latest (the date Rad was arrested) and Rad's malicious-prosecution cause of action accrued by July 7, 2005 at the latest (the date Rad's criminal charges were dropped). Sam's argued that because Rad filed suit on January 13, 2006, more than a year after Rad's defamation cause of action accrued, that cause of action was clearly time-barred. Sam's acknowledged that Rad filed suit less than a year after his malicious-prosecution cause of action accrued, but it nevertheless argued that the cause of action was time-barred because Rad did not actually serve process on Sam's until December 11, 2007. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) ("[A]

---

[1] Rad alleges that the constable made an appointment with Sam's agent to deliver the citation on October 24, 2006, but the agent did not show up.

[2] A summary-judgment affidavit by Sam's registered agent states that he had been at that address the whole time.

2

timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation.").

Rad responded to Sam's summary-judgment motion by arguing that his defamation cause of action did not accrue until January 2007 because that was when he first learned of the allegedly defamatory statements made by the Sam's employee. *See Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[T]he discovery rule applies to a defamation claim if the matter is not public knowledge. When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of the injury.") (citations omitted). Rad also claimed that he exercised diligence in trying to serve Sam's and that therefore his service should relate back to the date he filed suit. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) ("When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service."). Finally, Rad argued that Sam's had unclean hands because its agent had "actively sought to avoid service," so Sam's should not be allowed to prevail on the basis of a limitations argument.

The trial court granted Sam's summary-judgment motion, and Rad appealed.

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is appropriate when there is no genuine issue of material fact and judgment should be granted in the movant's favor as a matter of law.

3

*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action." *Id*. If the movant establishes that the statute of limitations bars the action, the nonmovant can avoid summary judgment only by adducing summary-judgment evidence that raises a fact issue in avoidance of the statute of limitations. *Id*. When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Id*.

## DISCUSSION

This case turns on when Rad's claims accrued. We can assume for the sake of analysis that they accrued as late as January 13, 2006, the date Rad filed suit.[3] That being the case, the limitations period expired for Rad's claims by January 13, 2007 at the latest. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a) (actions for malicious prosecution and defamation have one-year statute of limitations). Rad did not serve process on Sam's until December 11, 2007. The question we must answer, then, is whether Rad was sufficiently diligent in attempting service that we can relate his eventual service back to the date he filed suit. *See Gant*, 786 S.W.2d at 260 (if plaintiff files suit within limitations period but serves defendant after limitations period has expired, date of service

---

[3] We cannot, however, credit Rad's assertion, made in his response to Sam's summary-judgment motion, that his defamation claim did not accrue until January of 2007. Rad filed suit on his defamation claim on January 13, 2006; he obviously had to have learned of the claim by then. *See Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (even when discovery rule applies, defamation claim accrues at latest when plaintiff learns of injury).

4

relates back to date of filing if plaintiff exercised diligence in effecting service). If not, then his claims were time-barred. *See Proulx*, 235 S.W.3d at 215.

We hold that, as a matter of law, Rad's lack of diligence in attempting service means that Rad's eventual service on Sam's does not relate back to the date Rad filed suit. Over ten months elapsed between the date Rad filed suit (January 13, 2006) and the date he first attempted to serve Sam's (October 23, 2006). After an unsuccessful attempt at service on October 27, 2006, Rad made no other efforts at service until November 20, 2007, when he filed a motion for substituted service. Thus, between January 2006 and November 2007—a period of over twenty-two months—Rad's efforts at effecting service all occurred within a five-day window in October 2006. Even assuming that the limitations period did not begin to run on Rad's claims until the day Rad filed suit (January 13, 2006), this means that Rad waited more than ten months after his claims expired (on January 13, 2007) before again attempting service. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a) (actions for malicious prosecution and defamation have one-year statute of limitations). Courts routinely hold claims to be time-barred as a matter of law for much smaller lapses in diligence. *See, e.g.*, *Webster v. Thomas*, 5 S.W.3d 287, 289-90 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding no due diligence as matter of law when evidence showed plaintiff's actions over four months were not designed to procure issuance and service of citation); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (stating that request for service five months after suit was filed

affirmatively demonstrated lack of due diligence); *see also Gant*, 786 S.W.2d at 260 (holding that plaintiff failed to exercise due diligence as matter of law because he provided no explanation for delays in service for three periods totaling thirty-eight months).

Rad asserts that his efforts at service were thwarted because Sam's agent "actively sought to avoid service." Rad appears to base this assertion on his claim that Sam's agent intentionally missed an appointment on October 24, 2006 at which he was supposed to accept service from a constable. Even if we assume that Rad's characterization of these events is accurate, it still does not excuse Rad's subsequent failure to make any effort to effect service for more than a year.

In sum, even assuming that Rad's causes of action accrued at the latest possible date—the date Rad filed suit—those causes of action were still time-barred because Rad did not exercise due diligence in effecting service. We affirm the summary judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   June 18, 2010

6