# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2011

No. 10-50403
Summary Calendar

Lyle W. Cayce
Clerk

MARTIN CONTRERAS,

Plaintiff-Appellant

v.

MANUAL LOPEZ CHAVEZ,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
(08-CV-293)

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Martin Contreras ("Contreras") appeals the district court's grant of summary judgment after Contreras failed to comply with the district court's orders, failed to show a continuance was warranted, and failed to show good cause or excusable neglect for filing a late response.  AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50403

## I.

Contreras and Defendant-Appellee Manual Lopez Chavez ("Chavez") were involved in an automobile accident on August 7, 2005, in San Antonio, Texas. On August 6, 2007, Contreras filed suit against Chavez in Texas state court, one day prior to the expiration of the applicable statute of limitations. He did not request service nor did he attempt to serve Chavez until February 14, 2008, six months after filing suit. On February 15, 2008, Contreras filed an amended petition. On February 29, 2008, Contreras served Chavez with the amended petition. Also on that date, Contreras served the Texas Transportation Commission. In April 2008, the matter was removed to the Western District of Texas. Contreras provided no reason for the half-year delay for serving Chavez.

On July 21, 2008, Chavez filed a motion for summary judgment based on the two-year statute of limitations. Chavez argued that because Contreras failed to exercise due diligence to seek issuance and service of the citation, Contreras's claims did not relate back to the original filing date for statute of limitations purposes. Contreras then filed a motion for continuance.

Contreras's motion sought leave to depose Chavez and determine whether Chavez had been outside Texas at any time during the period and whether that tolled the statute of limitations. On August 13, 2008, the district court granted the continuance and ordered Contreras to respond to Chavez's motion twenty days after Contreras took Chavez's deposition. On November 12, 2008, the district court granted Chavez's motion for reconsideration of his motion for summary judgment and ordered that Contreras file a response to Chavez's dispositive motion on or before November 21, 2008.

On November 19, 2008, Contreras moved for a second continuance. In this application, Contreras asked for more time to take additional depositions to determine whether the parties entered into a tolling agreement. Contreras did not timely respond to the court-ordered November 21, 2008 deadline on Chavez's

2

No. 10-50403

summary judgment motion.  He only responded on January 14, 2009.  On March 5, 2009, the district court denied Contreras's second motion for a continuance and struck his January 14, 2009 response as untimely.  On March 11, 2009, the district court granted Chavez summary judgment based on the expiration of the statute of limitations.  This appeal followed.

## II.

## A.

This court reviews the grant of summary judgment *de novo*.  *Floyd v. Amite Cnty. Sch. Dist.,* 581 F.3d 244, 247 (5th Cir. 2009).  Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  "[W]e review the district court's administrative handling of a case, including its enforcement of . . . scheduling orders for abuse of discretion." *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (citation omitted).

## B.

In *Saenz v. Keller Industries of Tex*as, we held that "Texas law applies in a diversity case to determine whether [Plaintiff] tolled the statute of limitations when [he] filed suit." 951 F.2d 665, 667 (5th Cir. 1992).  In order to toll a statute of limitations, Texas requires a plaintiff to satisfy two requirements.  *See generally Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).  A plaintiff must file suit not only within the statutorily prescribed limitations period, "but also use diligence to have the defendant served with process." *Id.*  A plaintiff's failure to serve defendant with process until after the limitations period has expired is excused only if the plaintiff exercised due diligence in effectuating service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975).

No. 10-50403

"The determination of due diligence is a fact question." *Saenz*, 951 F.2d at 667. Texas courts have held that more than four months, without sufficient effort to serve defendant, negates due diligence as a matter of law. *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999) ("Here, we have a four month and ten day delay . . . we are of the opinion that this case . . . presents a situation in which the plaintiff did not exercise due diligence."). Texas courts have similarly held for five-month delays. *Gonzalez v. Phoenix Frozen Foods*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994). A delay of six months has also been held as a matter of law to negate due diligence. *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991).

**C.**

By filing suit on August 6, 2007, Contreras satisfied the first prong of his two-step obligation to toll the statute under *Gant*. *See generally* 786 S.W.2d at 260. Yet, the record establishes that Contreras made no effort to serve Chavez for more than six months, nor did he furnish a reason for the delay. Thus, pursuant to Texas law, this suffices to negate due diligence. It follows then that Contreras's claim does not relate back to August 6, 2007. *Id*.

Here, the district court determined that the delay of over six months was sufficient to negate due diligence. We, too, find Contreras's delay negated due diligence. In the absence of a genuine issue of material fact, Chavez was entitled to judgment as a matter of law. As such, the district court's entry of summary judgment in favor of Chavez was entirely appropriate.

Additionally, we find Chavez's procedural arguments equally persuasive. Here, the district court did not abuse its discretion in striking Contreras's eight-week late response as untimely. *Nationwide*, 512 F.3d at 140. Contreras flouted the district court's scheduling order by failing to adhere to deadlines set in order to administer the case and filed responses at his own convenience. This, coupled with Contreras's deficient service on Chavez, compels affirmance.

No. 10-50403

## III.

For the reasons stated above, we AFFIRM the district court's summary judgment in favor of Chavez.