

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00399-CV

CRISTINA GARZA                                                    APPELLANT

V.

INVESTIGATION TECHNOLOGIES,                                        APPELLEE
INC. D/B/A INTERNATIONAL
INVESTIGATORS

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 16-00145-367

----------

### MEMORANDUM OPINION[1]

----------

This is an appeal by pro se appellant Cristina Garza from the grant of

summary judgment for appellee Investigation Technologies, Inc. d/b/a

International Investigators. The trial court granted summary judgment on the

basis of the expiration of a statute of limitations. In what we construe as a single

---

[1]*See* Tex. R. App. P. 47.4.

issue, appellant argues that her suit was timely because she served citation on appellee within thirty-eight months after the expiration of the statute of limitations. Because this is not an accurate application of the law and because no other assigned error from the trial court's decision to grant summary judgment for appellee is before us, we affirm.

**Background Facts**

According to appellant's pleadings, on July 29, 2011, a minor child set fire to a school, and the fire spread to appellant's nearby property, causing damage. Appellant, acting pro se, filed suit on July 25, 2013 against the minor's parents and against Gregory S. Peters, appellee's president, claiming that appellee had failed to properly secure the school. Appellant pled that appellee had a contract with the school district for security services and that appellee was grossly negligent with respect to providing those services.

On October 4, 2013, appellant sought leave from the trial court to amend her petition so that she could substitute appellee in place of Peters. She described the initial bringing of her suit against Peters, instead of against appellee, as a "substantive defect" and asserted that appellee would not be prejudiced by its substitution as the proper defendant. On October 11, 2013, appellant nonsuited Peters.

On November 24, 2014, appellant filed an amended petition, formally substituting appellee for Peters for the first time. Appellant served appellee with

that amended pleading on July 20, 2015 by delivering it to Peters through certified mail.

Appellee answered the suit through a general denial and through pleading the affirmative defense that a statute of limitations barred appellant's claim. Appellee also sought summary judgment on the ground that the statute of limitations had run. Specifically, appellee argued that the statute of limitations had run because appellant had filed her amended petition against appellee more than two years after July 29, 2011 and because appellant did not serve appellee with the petition until long after that date.[2] Appellant responded to appellee's motion, alleging that she had filed all necessary instruments in a timely manner.

The trial court granted appellee's motion for summary judgment and entered a take-nothing judgment on appellant's claims against appellee. Appellant filed a motion for reconsideration, and the trial court denied that motion. Appellant brought this appeal.[3]

### Appellant's Argument on Appeal

Appellant challenges the trial court's decision to grant summary judgment. In a summary judgment case, the issue on appeal is whether the movant met the

---

[2]A suit for property damage must generally be brought within two years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2015); *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006).

[3]The trial court severed appellant's claim against appellee from her claim against the minor's parents. Appellant obtained a money judgment against the minor's parents.

summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Appellant argues that under *Gant v. DeLeon*, service of the amended petition on appellee was timely because it was diligently made less than thirty-eight months after the expiration of the statute of limitations.[4]  786 S.W.2d 259 (Tex. 1990).  She argues that she was diligent "as a matter of law" on this case because, in part, she retained two attorneys, but neither of them filed documents

---

[4]Appellant argues in her brief that she was "diligent as a matter of law throughout this lawsuit process and justice was not served according to the case of Gant vs. DeLeon."  Later in the brief, she contends,

> The primary issue in this case is that the Gant vs. DeLeon case can be interpreted as another avenue to allow a plaintiff to still be able to serve the defendant with a citation 38 months after the [statute] of limitations [has] expired.  And in this case the [statute] of limitations expired on July 30, 2013. . . .

> According to this case of Gant vs. DeLeon, [appellant] still had 38 months to issue a citation to [appellee] . . . .

> . . . .

> [I ask] the court for a reversal of judgment . . . because the judge has been [misinformed] and also because [I have] been diligent all along this process in this case.

> . . . .

> I have worked diligently throughout this case.  I have served [appellee] within less than 38 months.

on her behalf or attended hearings with her. She contends, "I have worked so diligently and so hard. I have come a long way as a pro se. [I have] been very diligent in this case as a matter of law."

Appellant contends that the trial court did not consider the holding in *Gant*. But she has not accurately presented that holding. There, the supreme court held that to comply with a statute of limitations, a plaintiff must file suit within the limitations period and use diligence in effecting service, even if the service occurs outside of the limitations period. *Id.* at 260. The court also held that an unexplained delay of three periods totaling thirty-eight months in obtaining service of the citation established failure to use diligence as a matter of law. *Id.* The court did not hold, as appellant posits, that any delay in effecting service that is less than thirty-eight months is reasonable. *See id.* Moreover, *Gant* is distinguishable because there, the plaintiff sued the defendant within the limitations period whereas here, appellant sued appellee explicitly only after limitations expired. *See id.* at 259.

Appellant's contention concerning the holding in *Gant* is her only cognizable argument, and for the reasons stated above, we overrule it. To the extent that she attempts to raise any other arguments to support an assertion that the trial court erred by granting summary judgment, those arguments are overruled as inadequately briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Wilson v. Andrews*, 10 S.W.3d 663,

5

671 (Tex. 1999); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.). Moreover, we cannot reverse a summary judgment for a reason not presented by the appellant on appeal or for a reason not expressly presented in response to the summary judgment motion. *See* Tex. R. Civ. P. 166a(c); *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) (explaining that courts should not search for legal errors that the parties have not raised and stating that "absent fundamental error, an appellate court should refrain from deciding cases on legal errors not assigned by the parties"); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979) ("[B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing."). We are "restricted to addressing the arguments actually raised, not those that might have been raised." *Feagins v. Tyler Lincoln-Mercury, Inc.*, 277 S.W.3d 450, 455 (Tex. App.—Texarkana 2009, no pet.) (op. on reh'g); *see also Milton M. Cooke Co. v. First Bank & Trust*, 290 S.W.3d 297, 303 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("We are . . . prohibited from altering even an erroneous judgment in a civil case without a challenge to the error on appeal.").

Appellee asks us to sanction appellant for bringing a frivolous appeal. Because we cannot conclude that appellant brought this appeal for delay or that the prosecution of the appeal was egregious, we deny appellee's request for

sanctions. *See* Tex. R. App. P. 45; *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.) ("Sanctions should be imposed only in egregious circumstances."); *Hawkins v. Walker*, 233 S.W.3d 380, 402 (Tex. App.—Fort Worth 2007, no pet.) ("Rule 45 damages will not be imposed unless the record, viewed from the appellant's point of view at the time the appeal was taken, clearly shows that the appeal was brought only for delay and that the appellant had no reasonable expectation of reversal.").

## Conclusion

Having rejected appellant's only cognizable argument challenging the trial court's decision to grant summary judgment for appellee, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED: July 28, 2016