

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00149-CV

Nasser **NAKISSA**,
Appellant

v.

Sarah E. **MENCHACA**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-19593
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:      Rebeca C. Martinez, Chief Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: December 21, 2022

AFFIRMED

Nasser Nakissa, proceeding *pro se*, appeals from a summary judgment granted in favor of

Sarah E. Menchaca.  We affirm.

### BACKGROUND

Nakissa filed suit on October 10, 2018, alleging that he and his daughter suffered injuries

from a car accident with Menchaca that occurred on October 12, 2016.  On February 14, 2020, the

trial court ordered the case to be set for a dismissal hearing for failure to prosecute.  On February

28, 2020, Nakissa requested a citation from the district clerk, and on July 9, 2020, service on Menchaca was accomplished.

On September 30, 2020, Menchaca filed a motion for summary judgment on the ground that Nakissa's claims for personal injury are barred by the statute of limitations. Menchaca argued that Nakissa failed to exercise reasonable diligence in serving Menchaca. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("To 'bring suit' within the [statute of] limitations period . . . , a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process."). Nakissa did not file a response, and the trial court granted the motion. Nakissa then filed a motion for new trial, which the trial court granted, and it ordered a new hearing on Menchaca's motion for summary judgment. After the hearing, the trial court again granted summary judgment in Menchaca's favor and dismissed Nakissa's lawsuit with prejudice. Nakissa appealed.

## WAIVER

As an initial matter, we must determine whether Nakissa has presented anything for our review. Nakissa filed a two-page letter as his appellate brief. This letter does not include any citations to the record or to authority, and we struck the letter for several violations of the Texas Rules of Appellate Procedure, including failures to "state concisely all issues or points presented for review," *see* TEX. R. APP. P. 38.1(f), to include a statement of facts "supported by record references," *see id.* R. 38.1(g), and to include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," *see id.* R. 38.1(i). We ordered him to file an amended brief that fully complies with the applicable rules.

Nakissa filed an amended brief, but that brief does not fully comply with the rules of appellate procedure. Among other things, the brief does not cite to the appellate record or to applicable legal authority. *See id.* R. 38.1(g), (i). We issued an order accepting the amended brief

as filed; however, we advised Nakissa that because of the deficiencies in his amended brief, we would reserve determination as to whether he waived his complaints if the deficiencies were not corrected prior to submission. Nakissa then filed a second amended brief, nearly identical to his amended brief, with many of the same deficiencies, including failures to cite to the record or to legal authorities. *See id.* Again, we advised Nakissa of the brief's deficiencies, accepted the brief, and warned of waiver if the deficiencies were not corrected prior to submission. Thereafter, Nakissa filed a "Statement of Facts Supported by Record References," which, despite its title, does not include record references.

In all of these documents, Nakissa describes his alleged injuries and asserts his diligence in prosecuting his lawsuit. In his amended briefs, he presents the following issues:

Why was the case automatically dismissed by [the trial court]?

After all this waiting, expenses, horrible damages, disabilities and life changes do I deserve 5 minutes of time to present my case?

Do I deserve compensation for my damages, pain, and suffering, lost wages, expenses or not?

As a *pro se* litigant, Nakissa is held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellate brief must contain clear and concise arguments for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.).

While *pro se* litigants must comply with the applicable procedural rules, application of the rules "may require a different result when the actor is not a lawyer." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). "[C]ourts should review and evaluate pro se pleadings with liberality and patience." *Li*, 631 S.W.3d at 706 (citation omitted); *see also In re A.G.D.*, No. 07-15-00201-CV, 2016 WL 316879, at *2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (applying standard to *pro se* appellate brief) (cited by *Li*, 631 S.W.3d at 706 n.5). In addition, the Texas Supreme Court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless procedural defects is disfavored.'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Horton*, 591 S.W.3d 567, 569–70 (Tex. 2019) (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)).

We deem Nakissa's issues waived. Reading Nakissa's appellate filings with "liberality and patience," *see Li*, 631 S.W.3d at 706, it is clear that he complains about the trial court's dismissal of his lawsuit based on the ground that Nakissa's claims are barred by the statute of limitations and for his failure to exercise diligence in achieving service of citation upon Menchaca. Nakissa does not cite the appellate record; however, the record is only 94 pages, and we have reviewed it entirely. *Cf. Horton*, 591 S.W.3d at 570 ("[N]othing prevents courts from undertaking reasonable efforts to locate evidence described in a [*pro se*] party's brief."). Nevertheless, we deem Nakissa's issues waived because he does not present an argument, with citations to legal authority, and we have advised him three times of this briefing deficiency and allowed him a

- 4 -

reasonable time to amend. Although appellate courts are to construe briefing requirements reasonably and liberally,

> as judges, we are to be neutral and unbiased adjudicators of the dispute before us. Our being placed in the position of conducting research to find authority supporting legal propositions uttered by a litigant when the litigant has opted not to search for same runs afoul of that ideal. . . . Under that circumstance, we are no longer unbiased, but rather become an advocate for the party.

*Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *see Palau v. Act Investments, Inc.*, No. 04-19-00823-CV, 2020 WL 5214669, at *2 (Tex. App.—San Antonio Sept. 2, 2020, no pet.) (mem. op.) ("[W]e may not create or support [appellant's] arguments for him."); *see also Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *5 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.) ("It is not sufficient for an appellant to merely state the trial court erred and cite authority; rather, an appellant must provide argument consisting of legal analysis of the issue.").

Because Nakissa failed to cite applicable authority or provide substantive legal analysis for his contentions, even after our warnings and our allowance of a reasonable time to amend, he has waived his complaints and, therefore, presented nothing for our review. *See Horton*, 591 S.W.3d at 569–70; *Plummer*, 93 S.W.3d at 931; *Palau*, 2020 WL 5214669, at *3; *see also In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at *3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("When an appellant . . . fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief[,] nothing is presented for our review, i.e., error is waived.").

**CONCLUSION**

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice