In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00040-CV
_____

**KENTLEY DEVAULT, Appellant**

V.

**JOHN GIANNAKIS, NORTHWOOD UROLOGY OF TEXAS PLLC, AND MEMORIAL HERMANN HEALTH SYSTEM D/B/A MEMORAL HERMANN THE WOODLANDS HOSPITAL, Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 20-06-07441-CV

**MEMORANDUM OPINION**

Kentley Devault sued John Giannakis, MD and Northwood Urology of Texas PLLC for medical malpractice.[1] Dr. Giannakis and Northwood

---

[1]In addition to suing Dr. Giannakis and Northwood Urology, Devault sued two other medical providers. The trial court dismissed those two medical providers from the suit after sustaining their objections to the medical report Devault filed because the report didn't

1

Urology jointly filed a traditional motion for summary judgment, which the trial court granted, in which they argued Devault's suit was barred by the two-year statute of limitations. The trial court granted the motion and Devault appealed. For the reasons explained below, we will affirm.

Background

Devault sued Dr. Giannakis and Northwood Urology on health care liability claims.[2] In Devault's live pleading, his First Amended Petition, Devault alleged that Dr. Giannakis failed to properly diagnose and operate on Devault's testicle after seeing and examining Devault in the emergency room. According to the allegation in the petition, Dr. Giannakis's failure to properly diagnose and treat the condition in the emergency room ultimately led to Devault "having an unnecessary testicle amputation that more likely than not would not have been

---

comply with the requirements of Texas Civil Practice and Remedies Code Chapter 74. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351, §§ 74.401-.403.

[2]*Id.* § 74.001(13) (defining *health care liability claim* as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or in contract").

necessary had Defendants not breached the standard of care that was owed to [Devault]."[3] According to the Amended Petition, Dr. Giannakis saw Devault in the emergency room and failed to properly diagnose his condition on July 29, 2018. The clerk's record before us in the appeal shows that Devault filed his Original Petition on June 24, 2020.

The Defendants raised their statute of limitations defense in an amended answer. After they amended their pleadings, Dr. Giannakis and Northwood Urology filed a traditional motion for summary judgment. In the motion, they argued the two-year statute of limitations in Texas Civil Practice and Remedies Code section 74.251(a) barred Devault's suit because they were not served until November 19, 2020, which is more than two years from the date Devault's health care liability claim involving his treatment in the emergency room against Dr. Giannakis and Northwood Urology arose.[4] They further alleged that Devault failed

---

[3]In his petition, Devault alleged that when the acts and omissions made the basis of his suit occurred, Dr. Giannakis was acting "within the course and scope of [his] employment or agency as" an employee, servant, or agent of "Northwood Urology of Texas, PLLC[.]"

[4]In response to the defendants' motion for summary judgment, Devault never asserted that he sent Dr. Giannakis a notice of his health care claim accompanied by a medical authorization form before filing suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051 (a), (c) (providing that when a person or the person's agent, who is asserting a health-care

3

to exercise reasonable diligence to obtain service on the defendants because Devault's attorney was not qualified to serve them with the citations in the suit because as Devault's attorney, he is a person "interested in the outcome of [the] suit," disqualifying him from serving as someone who could serve a person or entity with process in a civil suit.[5]

The summary-judgment evidence shows that on July 23, 2020, Devault's attorney asked the district clerk's office to issue citations for service on Dr. Giannakis and Northwood Urology. The "Request for Service" form, which Devault's attorney sent to the district clerk's office, shows that Devault's attorney requested the district clerk to mail the citations tied to the suit to his office. On August 5, 2020, Devault's

liability claim, gives the physician or health care provider written notice of the health-care liability claim 60 days prior to suit with an authorization to release the patient's records relevant to the suit in the form prescribed by the Legislature, the pre-suit notice tolls "the applicable statute of limitations to and including a period of 75 days following the giving of the notice"). There is also no evidence that he did so in the clerk's record before us in the appeal.

[5]Tex. R. Civ. P. 103 (authorizing services by sheriffs, constables, other persons authorized by law, any person authorized by written order of the court who is not less than eighteen, any person certified under order of the supreme court, service by registered mail an dictation by publication by the clerk of the court where the case is pending, but disallowing anyone "who is a party to or interested in the outcome of a suit [to] serve any process in that suit[.]"

attorney mailed the petition and citation to the address where Dr. Giannakis and Northwood Urology maintain their offices by certified mail, return receipt requested.[6] On November 19, 2020—more than two years from the day Dr. Giannakis saw Devault in the emergency room—and 120 days from the day that Devault's attorney asked the district clerk to issue the citations—Dr. Giannakis and Northwood Urology were personally served by a process server with the citations of the suit.[7]

To support their motion for summary judgment, the defendants attached the following exhibits to their motion:

- Devault's original petition, filed June 24, 2020;
- The "Officer's Return," dated November 19, 2020, which is signed by the process server who swore he personally served the defendants with the citations and copy of the Plaintiff's Original Petition;
- The "Request for Service" form that Devault's attorney mailed to the Montgomery County district clerk on July 23, 2020;

---

[6]The citations that accompanied the attorney's letter are not signed, and the return receipts that accompanied the letter are not signed and are not included in the summary-judgment evidence.

[7]In their motion for summary judgment, the defendants acknowledged that based on the extension the Texas Supreme Court created in an Emergency Covid-Extension order, the two-year statute of limitations in Devault's suit was extended until September 15, 2020. *See* Supreme Court of Texas, Eighteenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9080, 609 S.W.3d 122 (Tex. June 29, 2020) (extending the deadline to file or serve any civil case that falls on a day between March 13, 2020, and August 1, 2020, until September 15, 2020).

- Letters dated August 5, 2020, from Devault's attorney enclosing a copy of the petition and citation (unsigned) to the address where Plaintiff's Original Petition alleges that Dr. Giannakis and Northwood Urology office;
- The declaration of Dr. Giannakis; and
- The declaration of Chuck Baldwin, who stated he is the Practice Administrator for Northwood Urology.

When Devault filed a response, he conceded the defendants were not served with process within two years of the date Dr. Giannakis treated him in the emergency room, but he argued the defendants were still served within the two-year statute of limitations even though they were not served until November 19, 2020, when considering the Texas Supreme Court's Emergency COVID-19 pandemic orders.[8] Additionally, Devault claimed his attorney served Dr. Giannakis and Northwood Urology within the time period allowed by the Supreme Court's

---

[8]Devault relies on the Texas Supreme Court's Eighteenth Emergency Order, extending the deadline for serving civil cases filed between March 13, 2020, and August 1, 2020, to September 15, 2020, and the Texas Supreme Court's Twenty-Sixth Emergency Order, which modified or suspended any and all deadlines and procedures for a stated period, which ended as of December 1, 2020. The Twenty-Sixth Emergency Order went into effect on October 1, 2020. *See* Supreme Court of Texas, Eighteenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9080, 609 S.W.3d 122 (Tex. June 29, 2020); Supreme Court of Texas, Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9112, 609 S.W.3d 135 (Tex. Sept. 18, 2020).

emergency orders considering the effort he made to serve the defendants with process by certified mail. He also argued that his attorney found it difficult to find a process server who was willing to serve personal process on individuals in the height of the COVID-19 pandemic, and that by sending them the petitions by certified mail, he had exercised reasonable diligence under the circumstances in attempting to have them served.

Devault's attorney supported his response with a "Self Sworn Statement." In it, Devault's attorney swore that between July 27, 2020, and November 19, 2020, he diligently attempted to serve all named Defendants in the lawsuit by immediately requesting citations from the district clerk's office after filing the petition. Devault's attorney goes on to state that the days between "requesting citations and receiving the citations, my office staff made several attempts to locate a process server willing to serve Defendants." In the Statement, Devault's attorney swore that his "office staff contacted a total of at least four different process servers who stated they were unable to perform service for various reasons due to location and COVID-19 precautions." Unable to locate a process server to personally serve the defendants with the citations and petitions in the suit, Devault's attorney attested that "a copy of Plaintiff's

7

Original Petition and a copy of the citation was sent via certified mail to prevent further delay and the certified letter was confirmed to have been received by Defendants."

Defendants filed a reply responding to Devault's claim that his attorney exercised reasonable diligence in attempting to have Dr. Giannakis and Northwood Urology timely served with the citations in the suit. First, the defendants argued that the "Self Sworn Statement" Devault's attorney signed omitted the information required to make it an "unsworn declaration" that Devault could use as summary-judgment evidence in place of a sworn declaration or affidavit, as permitted by Texas Civil Practice and Remedies Code section 132.001.[9] The Defendants also objected to the attorney's sworn statement because "the statement provides no evidence regarding the identity of [the attorney's] office staff members who allegedly attempted to locate a process server, the dates the contact was attempted, or the identity of the process server who refused." Without this information, the defendants argued, Devault

---

[9]Tex. Civ. Prac. & Rem. Code Ann. § 132. 001. We note, however, that Devault's attorney declared "under penalty of perjury" that the statements he made in his declaration were true and correct, so the statement the attorney filed is not unsworn.

had failed to show how the employees in the attorney's office had exercised reasonable diligence in having the defendants served.

When the trial court heard the defendant's motion for summary judgment, it signed an order sustaining the defendants' objections to the attorney's "Self Sworn Statement," attached to Devault's response as Exhibit F. In the same order, the trial court ruled it would not consider Exhibit F in ruling on the defendants' motion, and it struck Exhibit F.

Shortly after striking the exhibit, the trial court found the summary-judgment evidence conclusively showed that Devault, in response to the defendants' summary-judgment evidence, failed to meet his burden to demonstrate that he exercised reasonable diligence through November 19, 2020, in having the defendants served with the citations and petitions to avoid the two-year statute of limitations expiring on Devault's health care liability claims. In its final judgment, the trial court ordered that Devault "take nothing on his claims" against Dr. Giannakis and Northwood Urology. Within thirty days of the date the trial court signed the judgment, Devault filed his notice of appeal.

## Standard of Review

Appellate courts review rulings granting summary judgments under a de novo standard.[10]

"A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law."[11] We consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant.[12] If the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat the motion for summary judgment.[13] The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence.[14]

---

[10]*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citation omitted).

[11]*Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citing Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)).

[12]*City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

[13]*M. D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

[14]*Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Analysis

In one issue, Devault argues the summary-judgment evidence reveals "a genuine issue of material fact exist[s] as to whether [Devault] exercised due diligence in effecting service [on Dr. Giannakis and Northwood Urology]."

Although subject to exceptions that do not apply to Giannakis's claims, health care liability claims must be commenced "within two years from the occurrence of the breach or tort of from the date the medical or health care treatment that is the subject or the hospitalization for which the claim is made is completed[.]"[15] For a plaintiff to file a suit within a limitations period prescribed by statute, the plaintiff must not only file suit within the limitations period that applies but must also use diligence in having the defendant served.[16] Thus, even when the plaintiff files suit before limitations runs out, the filing of the suit does not keep the limitations from running unless the plaintiff exercises due diligence in causing the citation in the suit to be issued and served.[17] That said, if the plaintiff exercises reasonable diligence in having citations issued and the

---

[15]Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a).
[16]*Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).
[17]*Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

11

defendants served, and the suit is filed within the limitation period but served after the statute of limitations has expired, the date a defendant is served relates back to the date of filing.[18]

When the defendant affirmatively pleads a limitations defense and shows that the plaintiff obtained service of the suit after limitations expired, the burden shifts to the plaintiff to reasonably explain the delay.[19] In discharging that burden, the plaintiff must present evidence showing what was done to serve the defendant that is sufficient to explain every lapse in effort and period of delay.[20] Even when the plaintiff offers an explanation, however, the explanation "may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable."[21] On the other hand, if the plaintiff's explanation raises a genuine issue of material fact about whether the plaintiff exercised reasonable diligence in having the defendant served, "the burden shifts back to the defendant to

---

[18] *Id.*
[19] *Id.* at 216.
[20] *Id.*
[21] *Id.*

conclusively show why, as a matter of law, the explanation is insufficient."[22]

In determining diligence, the question is whether the plaintiff acted as an ordinarily prudent person under the same or similar circumstances and was diligent until the defendant was served.[23] Generally, whether the plaintiff diligently effected service on the defendant is an issue of fact that must be resolved by a factfinder in the trial, which the factfinder determines by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service.[24]

Devault's First Amended Petition alleges Dr. Giannakis saw him once in the emergency room on July 29, 2018, which means July 28, 2020, was the last day he could file suit on his claims against Dr. Giannakis and Northwood Urology before the two-year limitations period on his health care liability claims expired.[25] But because the Supreme Court's COVID-19 Emergency Orders extended the deadlines for filing claims

---

[22]*Id.*
[23]*Id.*
[24]*Id.*
[25]Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a).

13

during July 2020, the limitations period that applied to both the filing of Devault's suit and to serving it on Dr. Giannakis and Northwood Urology were extended under the Eighteenth Emergency Order until September 15, 2020.[26]

The suit was filed before the two-year statute ran, so the question here involves whether the suit was timely served, not whether it was timely filed. Both in the trial court and in the appeal, there is no dispute that the defendants were not formally served under the Texas Rules of Civil Procedure by a process server with citations of the suit until November 19, 2020, just over two months after September 15, 2020 when the extended limitations and service periods created by the Texas Supreme Court's Eighteenth Emergency Order had expired.[27] Therefore, the burden shifted to Devault to explain how he exercised reasonable diligence from September 16 until November 19, 2020 in attempting to

---

[26]*See* Supreme Court of Texas, Eighteenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9080, 609 S.W.3d 122 (Tex. June 29, 2020) (extending the deadline to file or serve any civil case that falls on a day between March 13, 2020 and August 1, 2020 until September 15, 2020).

[27]*Id*.

formally serve the defendants with the citations issued by the district clerk.[28]

We conclude that the explanation Devault offered demonstrates a lack of due diligence as a matter of law. First, we note that on appeal, Devault has not challenged the trial court's ruling striking the "Self Sworn Statement" Devault's attorney filed, nor has he challenged the trial court's failure to consider the "Self Sworn Declaration" to explain why there were delays. Even had the trial court considered the "Self Sworn Statement," however, it would not alter our conclusion that the trial court reached the correct result on the defendants' motion because the "Self Sworn Statement" the attorney signed doesn't create a fact issue on whether Devault's attorney exercised reasonable diligence in having the citations served.

To have the citations served, Devault's attorney could have asked the district clerk to serve them on the defendants by certified mail, return receipt requested if he was having trouble finding a process server willing to personally serve the defendants with the citations issued by the

---

[28]*See Proulx*, 235 S.W.3d at 216.

district clerk.[29] Or, Devault (through his attorney) could have asked the trial court to order a person not less than eighteen not interested in the outcome of the case to personally serve the defendants with the citations accompanied by copies of his petition, which is another procedure to serve a defendant with process, which is authorized by Rule 103.[30] We conclude Devault's evidence does not raise a fact issue to show he exercised reasonable diligence between September 15 and December 19, 2020 in having Dr. Giannakis and Northwood Urology served with process in his suit. For that reason, the trial court did not err in concluding the evidence conclusively established the date of service, November 19, 2020, did not relate back to the date of filing to avoid the defendants' statute of limitations defense.

On appeal, Devault argues that the letters his attorney sent to Dr. Giannakis and to Northwood Urology enclosing the petitions show that Devault exercised reasonable diligence in having the defendants served with process in the suit. We disagree.

---

[29] *See* Tex. R. Civ. P. 103.
[30] *Id.*

Texas Rule of Civil Procedure 103 describes who may serve citations issued by a court. The rule clearly states that "[n]o person who is a party to or interested in the outcome of the suit may serve citation in that suit[.]"[31] Devault's attorney could not serve the citations because he is interested in the outcome of the suit.[32] Even more, the summary-judgment evidence doesn't include green cards or the certified letter Devault's attorney sent to the defendants' office on August 15, 2020, so nothing shows the certified letter was served on Dr. Giannakis or the agent of Northwood Urology who was authorized to be served with process in a suit. The citations accompanying the attorney's letter addressed to Dr. Giannakis's and Northwood Urology's office, which is included in the summary-judgment evidence, are also unsigned.

## Conclusion

Nearly four months elapsed between the date Devault's attorney first asked the district clerk to issue citations and when the defendants were formally served with Devault's suit in November 2020. Devault's

---

[31]*Id.*

[32]*See Rogers v. Stover*, No. 06-05-00065-CV, 2006 WL 859305, at *2 (Tex. App.—Texarkana Apr. 5, 2006, no pet.) (mem. op.) ("An attorney for one party to the lawsuit is a person with an interest in the outcome of the case and is not authorized to serve process.").

summary-judgment evidence neither explains why his attorney didn't ask the district clerk to serve the citations by certified mail under Rule 103, nor does it explain why he didn't ask the trial court to authorize a person under the age of eighteen to serve the citations either in person or by certified mail. Devault may not use the pandemic as an excuse when the record shows that he didn't exercise reasonable diligence in pursing service under rule 103 to obtain service on the defendants under the extended statutory deadline allowed under the Texas Supreme Court's Eighteenth Emergency COVID-19 Order.[33]

We overrule Devault's only issue because Devault didn't meet his burden when he responded to the defendants' motion for summary judgment to demonstrate he exercised reasonable diligence in serving the defendants with his suit.

For the reasons explained above, the judgment of the trial court is AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 28, 2021
Opinion Delivered December 22, 2022
Before Kreger, Horton and Johnson, JJ.

---

[33]*See* Supreme Court of Texas, Eighteenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9080, 609 S.W.3d 122 (Tex. June 29, 2020); *Proulx*, 235 S.W.3d at 216.